Amaya v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-310-CR

JOSE RODOLFO AMAYA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 415TH
 DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jose Rodolfo Amaya challenges the trial court’s revocation of his community supervision because the record does not show that he was served a copy of the State’s motion to revoke.  Because Appellant forfeited this complaint by failing to preserve error in the trial court, we will affirm.

Appellant was charged with possession of a controlled substance of one gram or more but less than four grams, enhanced by a prior drug possession felony.  Appellant pleaded guilty and, in accordance with his plea agreement, was sentenced to ten years’ imprisonment; the trial court suspended the sentence and placed Appellant on ten years’ community supervision on March 2, 2000.  The trial court modified the conditions of Appellant’s community supervision on July 24, 2001.  After this modification, the State filed its motion to revoke community supervision on October 3, 2002.  Appellant pleaded not true to the motion’s allegations.  The trial court adjudicated him guilty on July 6, 2004 and, in accordance with the parties’ agreement, sentenced him to nine years, eleven months’ confinement.

In a single point, Appellant argues that he was denied the right to due process because the record does not show that he was served with the State’s motion to revoke.  
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999). 
 Appellant not only failed to apprise the trial court of the absence of proof in the record that he had been served with the motion to revoke but also affirmatively waived reading of the motion to revoke at the revocation hearing.  Therefore, Appellant has forfeited his due process complaint on appeal.  
See Eddie v. State
, 100 S.W.3d 437, 440 (Tex. App.—Texarkana 2003, pet. ref’d); 
see also Holt v. State
, No. 05-03-251-CR, 2003 WL 22805164, at *2 (Tex. App.—Dallas Nov. 26, 2003, no pet.) (not designated for publication);
 Cavazos v. State
, No. 04-98-1054-CR, 2000 WL 124911, at *1 (Tex. App.—San Antonio Feb. 2, 2000, no pet.) (not designated for publication).

Accordingly, we overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM 

PANEL F: MCCOY, DAUPHINOT, AND HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 2, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.